**In re: ACCUTANE PRODUCTS LIABILITY LITIGATION.**

**George W. Hyde v. Hoffman–La Roche, Inc., et al., N.D. Texas, C.A. No. 3:04–1473.**

**MDL No. 1626.**

United States Judicial Panel on Multidistrict Litigation.

June 6, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, and ANTHONY J. SCIRICA, Judge of the Panel.

## ORDER VACATING CONDITIONAL TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants Hoffman–La Roche Inc. and Roche Laboratories Inc. (collectively Roche) move, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate our order conditionally transferring this action (*Hyde*) to the Middle District of Florida for inclusion in MDL No. 1626. Responding plaintiff opposes the motion to vacate.

After considering all argument of counsel, we find that transfer of *Hyde* to the Middle District of Florida would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation at the present time. Shortly after removing *Hyde* to federal court in July 2004, Roche moved for summary judgment, arguing that plaintiff's claims were barred by a Texas statute of repose. After the filing of that motion, however, plaintiff moved to dismiss his claims without prejudice. Roche opposed such dismissal, arguing that it would be prejudiced if plaintiff refiled his lawsuit in a state without a similar statute of repose. When the district court nevertheless granted the requested dismissal, Roche appealed. The Court of Appeals for the Fifth Circuit recently reversed, holding that the dismissal had prejudiced Roche by potentially stripping it of its statute of repose defense. Having succeeded in its appeal, Roche has asked the district court to rule on its motion for summary judgment, and urges us to vacate our conditional transfer order to give the

district court the time to make that ruling. Given that Roche's motion involves an issue of Texas law unique to *Hyde* and that the motion is potentially dispositive of the entire action, we are persuaded that the motion to vacate should be granted.

IT IS THEREFORE ORDERED that our conditional transfer order designated as "CTO–15" is vacated.